1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
       E-mail: mchaney@johnsonpham.com
5
6  Hung Q. Pham, SBN: 276613
       E-mail: ppham@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 326
   Woodland Hills, California 91367
8  Telephone:  (818) 888-7540
9  Facsimile:  (818) 888-7544

10
11 Attorneys for Plaintiff
   MOPHIE, INC.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California Corporation formerly known as mSTATION Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADNAN DERVESH, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: SA CV12-2018 AG (MLGx)<br><br>[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT ADNAN DERVESH |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction ("Stipulation"), and separate Settlement Agreement between Plaintiff MOPHIE, INC. ("Plaintiff"), through its counsel of record, on one hand, and Defendant ADNAN DERVESH ("Defendant"), in Pro Se, on the other, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby

is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at his direction, including any and all agents, servants, employees, partners, ~~assignees, distributors, suppliers, resellers~~ and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116 and 17 *U.S.C.* §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's trademarks, copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's trademarks or copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. performing or allowing others employed by or representing Defendant, or under his control, to perform any act or thing which is likely to injure Plaintiff's trademarks, copyrights, and/or any intellectual property, and/or Plaintiff's business reputation or goodwill, ~~including making disparaging, negative, or critical comments regarding Plaintiff or its products;~~

   c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

   d. using any Internet domain name or website that includes any of Plaintiff's trademarks, copyrights, and/or any intellectual property including the MOPHIE® marks and works.

2. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit MOPHIE® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's trademarks, copyrights, and/or intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendants' possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to ~~Rule 54(b) of~~ the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6. **NO FEES AND COSTS.** Each party shall bear its/his/her own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 22ND day of MARCH, 2013.

_____
HON. S. ANDREW J. GUILFORD
United States District Judge
Central District of California

- 3 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT ADNAN DERVESH